# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JOSEPH PAGE, | Case No. 1:18-cv-00701-LJO-SKO |
| Plaintiff, | **ORDER TRANSFERRING CASE** |
| v. | |
| DEPUTY DAVID BOWER #209595, | |
| Defendant. | |

On May 17, 2018, Plaintiff Edward Joseph Page, a state prisoner proceeding *pro se*, filed a complaint against Defendant "Deputy David Bower #209595," along with an application to proceed *in forma pauperis.* (Docs. 1 & 2.) The complaint purports to allege claims pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights, apparently arising from an encounter with Defendant while Defendant was on duty as an officer with the Los Angeles County Police Department, in the city of Lancaster, California. (Doc. 1 at 1–3; Doc. 1-1.)

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district in which any defendant resides, if all

defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Plaintiff is currently housed at the Goose Creek Jail, in Wasilla, Alaska, and it appears that Defendant does not reside in this district.[1] In addition, the claim apparently arose in Lancaster, California, located in Los Angeles County (*see* Doc. 1 at 3.), which is in the Western Division of the Central District of California. Therefore, Plaintiff's suit should have been filed in the United States District Court for the Central District of California, Western Division. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a); *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California, Western Division.[2]

IT IS SO ORDERED.

Dated: __May 24, 2018__             /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant's place of employment is listed in Lancaster, California. (*See* Doc. 1 at 2; Doc. 1-1.)
[2] In view of the transfer, this Court has not ruled on Plaintiffs' request to proceed *in forma pauperis* (Doc. 2).